12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth MARSHALL, Petitioner-Appellant,
v.
Raymond TOOMBS, Respondent-Appellee.
 No. 93-1070.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1993.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Kenneth R. Marshall, a Michigan state prisoner proceeding without benefit of counsel, appeals from a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 In 1969, petitioner was tried by a Michigan jury and convicted of armed robbery. He was sentenced to life imprisonment. In his 1992 petition for habeas relief, petitioner alleged that his sentence was enhanced because the trial court improperly considered three prior uncounseled felonies, in violation of United States v. Tucker, 404 U.S. 443, 447-49 (1972). The district court examined the three prior convictions petitioner claimed were used to enhance his sentence and found as a matter of fact that two of the convictions were counseled and that the doctrine of laches barred review of the third conviction.
 
 
 4
 The standard of review for the district court's findings of fact is clear error. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous...." Fed.R.Civ.P. 52(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Additionally, "[a]s an issue of fact, a finding of laches cannot be disturbed unless it has been shown to be clearly erroneous, and as a question addressed to the discretion of the District Court, it will not be disturbed unless an abuse of discretion has been shown." American Home Products Corp. v. Lockwood Manufacturing Co., 483 F.2d 1120, 1124 (6th Cir.1973), cert. denied, 414 U.S. 1158 (1974) (patent infringement).
 
 
 5
 The district court did not clearly err. The record reveals that petitioner was represented at his 1957 conviction for armed robbery by attorney Milton Henry and that he was represented at his 1963 conviction for assault with intent to commit armed robbery by attorney Lawrence Massey. Therefore, any consideration of these prior felonies by the sentencing court did not violate United States v. Tucker, and a review of the district court's decision based upon the entire record does not leave one with a definite and firm conviction that a mistake has been made.
 
 
 6
 Furthermore, application of the doctrine of laches to petitioner's 1956 conviction is not clearly erroneous. The district court held that petitioner's Tucker claim regarding the 1956 conviction and sentence was barred from habeas review under Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. This court has interpreted Rule 9(a) as invoking the equitable doctrine of laches, Davis v. Adult Parole Authority, 610 F.2d 410, 414 (6th Cir.1979), and established a two-prong test for the doctrine's application. Id.
 
 
 7
 The record supports the district court's finding that the state was prejudiced in its ability to respond to the petitioner's claims and supports the finding that petitioner could not show that the prejudice would not have been avoided had he filed his petition earlier. First, the record of petitioner's 1956 conviction was destroyed after 30 years. Therefore, the state could not respond to petitioner's 1992 claim that he was not represented at trial in 1956. Second, petitioner's claim could have been brought earlier (the Tucker decision was rendered in 1972), at which time the record of his 1956 conviction would have been available. Therefore, petitioner cannot demonstrate that the state would have suffered prejudice even if he had raised the claim sooner. Thus, the two-prong test set out in Davis, 610 F.2d at 414, is satisfied, and the application of the defense of laches to petitioner's claim was proper.
 
 
 8
 Accordingly, the judgment of the district court is affirmed for the reasons set forth in the district court's memorandum of opinion dated December 23, 1992, pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation